278

652 A.2d 297

COMMONWEALTH of Pennsylvania, Appellant,

v.

Walter STAFFORD, Appellee.

Supreme Court of Pennsylvania.

Argued Dec. 7, 1994.

Decided Jan. 4, 1995.

John F. Cherry, Richard E. Guida, Harrisburg and Joseph M. Sembrot, for the Com.

Thomas A. Thornton, Harrisburg, for W. Stafford.

Before NIX, C.J., and FLAHERTY, ZAPPALA, PAPADAKOS, CAPPY, CASTILLE and MONTEMURO, JJ.

*ORDER*

PER CURIAM:

Order affirmed.

PAPADAKOS, J., files a dissenting opinion in which CASTILLE, J., joins.

MONTEMURO, J., is sitting by designation.

PAPADAKOS, Justice, dissenting.

In this case Appellee was convicted of four counts of receiving stolen property by a Dauphin County jury. On appeal to the Superior Court, he contended that the trial judge should have instructed the jury that the Commonwealth must prove that the goods in question were actually stolen. The Superior

Court agreed with this argument and reversed. I cannot agree with their conclusion.

Prior to June 6, 1973, 18 Pa.C.S.A. § 3925 provided that in element of the crime of receiving stolen property was that the property in question "shall have been stolen or feloniously taken...." This requirement has been dropped in the present statute which provides at 18 Pa.C.S.A. § 3925(a) that:

A person is guilty of theft if he intentionally receives, retains, or disposes of movable property of another knowing that it has been stolen, or believing that it has probably been stolen, unless the property is received, retained, or disposed with intent to restore it to the owner.

The present statute is based on the Model Penal Code, Article 223.6. See the Official Comment to 18 Pa.C.S.A. § 3925. Comment 4(b) (1980) to Article 223.6 states clearly that "there is no requirement ... that the property in fact has been stolen." I can think of no good reason or justification as to why we should overrule a precise change in the law enacted by our legislature and reimpose a burden on our prosecutors such that in some situations the additional proof required may be difficult to obtain.

The majority's per curiam affirmance is also not consistent with our decision in *Commonwealth v. Henley,* 504 Pa. 408, 474 A.2d 1115 (1984).

For the reasons stated above, I dissent.

CASTILLE, J., joins this dissenting opinion.